| | |
|---|---|
| Motion Date: | January 30, 2020 |
| Motion Time: | 10:00 a.m. |
| Place of Motion: | Bankruptcy Court Syracuse, N.Y. |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

BIG RED BULLET LLC

Case No. 19-31087-5-mcr

Debtor.

Chapter 7

## MOTION FOR RELIEF FROM AUTOMATIC STAY LIMITED TO DEBTOR'S INSURACE COVERAGE FOR PERSONAL INJURY CLAIMS PURSUANT TO 11 U.S.C. § 362(d)(1) AND LOCAL BANKRUPTCY RULE 4001-1

Movants Ms. Alamelu Velappan Subramanian and Mr. Murugappan Arunachalam Annamalai, her husband, by and through their counsel WHITELAW AND FANGIO (Mary Lannon Fangio, Esq., and Thomas L. Kennedy, Esq., of counsel), for their application for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1), and Local Bankruptcy Rule 4001-1 in the captioned case, respectfully state as follows:

### JURISDICTION

The United States Bankruptcy Court for the Northern District of New York, Syracuse Division (the "Court"), has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (G), and (O).

The statutory predicate for relief sought is Section 362(d) of the Bankruptcy Code.

1

## BACKGROUND

1. Alamelu Velappan Subramanian ("Alamelu") and Murugappan Arunachalam Annamalai, her husband ("Murugappan") (together, Alamelu and Murugappan are the "Movants"), by and through their undersigned counsel, seek relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Local Rule 4001-1.

2. The Movants seek relief from the Automatic Stay in order to pursue litigation sounding in personal injury, limited to the Debtor's insurance coverage.

3. Big Red Bullet LLC (the "Debtor") filed the captioned Chapter 7 case on August 8, 2019.

4. William J. Leberman, Esq. is the court appointed Chapter 7 trustee in this case.

5. On October 14, 2018, Alamelu was a passenger on a bus owned and operated by the Debtor, travelling from Ithaca, New York to New York City. The bus crashed on Interstate Routs 380 near Moscow, Pennsylvania, resulting in several deaths and serious injuries (the "Accident"). Alamelu was among those seriously injured, suffering, among other injuries, fractures of the posterior elements of C2 and C3 of her cervical spine.

6. On or about May 6, 2019, the Movants filed a complaint naming the Debtor, and its employee Charles D. Dixon, as defendants, in the Pennsylvania Court of Common Pleas for Lackawanna County. On October 29, 2019 this action was removed by the Debtor to the United States District Court for the Middle District of Pennsylvania, Case No.3:19-CV-01881-RDM (the "District Court Litigation").

7. The Movants' complaint against the Debtor and its employee pending in the District Court Litigation alleges, among other things, that Alamelu sustained substantial personal

injuries during the Accident as a result of the negligence of the Debtor and its employee. It also alleges that Murugappan suffered a loss of consortium as a result of Alamelu's injuries.

8.  Upon information and belief, the Debtor had relevant insurance coverage at the time of the Accident provided by National Continental Insurance Co. ("National"), Protective Insurance Co. ("Protective"), and potentially other, as yet unknown, insurers ("Unknown Insurers") (collectively, National, Protective, and the Unknown Insurers are the "Insurers").

## REQUEST FOR RELIEF

9.  Movants hereby request limited relief from the stay to enable them to proceed with the District Court Litigation to establish liability against the Debtor as a predicate to recovering from the Insurers in an amount not to exceed the coverage provided to the Debtor by the Insurers.

10. Additionally, Movants believe that the Insurers are responsible for the Debtor's defense of their claim in the District Court Litigation, further reducing potential costs to the bankruptcy estate.

11. The modification of the automatic stay in this case for the purpose of proceeding with the District Court Litigation will not hinder, burden delay or otherwise be inconsistent with the prompt and orderly administration of the estate.

## ANALYSIS

12. Relief from the stay is warranted under Section 362(d) of the Bankruptcy Code which provides, in pertinent part:

> On a request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

13. The meaning of "for cause" is not defined in the bankruptcy code. *See, e.g., Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002). Courts in this Circuit have consistently used the factors set forth in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990) to assess the merits of a Section 362(d)(1) motion for stay relief. The *Sonnax* factors are:

> (1) Whether relief would result in a partial or complete resolution of the issues;
> (2) Lack of any connection with or interference with the bankruptcy case;
> (3) Whether the other proceeding involves the debtor as a fiduciary;
> (4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) Whether the debtor's insurer has assumed full responsibility for defending it;
> (6) Whether the action primarily involves third parties;
> (7) Whether litigation in another forum would prejudice the interest of other creditors;
> (8) Whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) Whether movant's succession to other proceedings would result in a judicial lien avoidable by the debtor;
> (10) The interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) Whether the parties are ready for trial in the other proceeding; and
> (12) The impact of the stay on parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990).

14. The decision of whether to grant relief from the stay is committed to the discretion of the bankruptcy judge. *In re Syndicom*, 268 B.R. 26, 43 (Bankr. S.D.N.Y. 2001); *In re Sonnax*, 907 F.2d at 1286.

15. Importantly, not all of the *Sonnax* factors will be relevant to the Court's analysis of a motion for stay relief, and the Court need not accord equal weight to the relevant factors. *See, e.g., In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999); *In re Project Orange Assocs. LLC*, 432

4

B.R. 89, 104 (Bankr. S.D.N.Y. 2010); *Burger Boys v. South St. Seaport Ltd. Partnership (In re Burger Boys)*, 183 B.R. 682, 688 (S.D.N.Y. 1994).

16. Here, the majority of the relevant *Sonnax* factors are met, justifying the Movants' request for limited relief from the automatic stay in this case.

17. Factor (1) is met because the U.S. District Court for the Middle District of Pennsylvania may award complete relief to all parties, and is authorized and has jurisdiction to adjudicate the Movants' tort claim against the Debtor and Insurers pursuant to 28 U.S.C. §157(b)(5).

18. Factor (2) is met because the District Court Litigation, which is being defended by at least one of the Insurers, will not interfere with the Debtor's bankruptcy case.

19. Factor (5) is met because one of the Debtor's Insurers is defending the District Court Litigation.

20. Factor (7) is met because the District Court Litigation would not prejudice the interest of other creditors.

21. Factor (9) is met because Movants seek judgment only to the extent of the Debtor's insurance coverage; hence their success in the District Court Litigation would not result in an avoidable judicial lien.

22. Factor (10) is met because the District Court Litigation is in the district in which the underlying Accident occurred, and to which the Debtor itself removed the litigation originally commenced by movants in the Court of Common Pleas of Lackawanna County, Pennsylvania. Thus the expeditious and economical resolution of the Movants' personal injury action is advanced, as well as judicial economy. Moreover, additional potential tort plaintiffs arising from the Accident are likely to end up in the same court.

5

23. Factor (12) is met because the hardship to the movants resulting from the stay remaining in place considerably outweighs any hardship to the Debtor. Alamelu suffered serious and painful injuries for which she continues to receive medical treatment. She lacks the significant resources required to cope with her circumstances while she awaits compensation. Any additional delay would compound the already significant hardship she has suffered. The Debtor, on the other hand, because an Insurer is defending the District Court Litigation, and because Movants' claim would be limited to the amounts provided for in the coverage provided by the Insurers, would not suffer any significant hardship if this limited relief from stay is granted.

24. Moreover, even outside the context of *Sonnax*, cases considering modification of the automatic stay with respect to actions on insured claims recognize the equity of permitting a civil suit where the bankruptcy estate is in no way harmed. *See, e.g., In re Honosky*, 6 B.R. 667, 669 (Bankr. S.D. W. Va. 1980). The fact that a debtor may be required to participate in the defense is not determinative of prejudice, especially when the debtor's insurance carrier is obligated to provide counsel. *See In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) ("[D]ebtor-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for recovery against insurers, sureties, or guarantors.").[1]

---

[1] In fact, the Second Circuit Court of Appeals has held that when a claimant is seeking to pursue damages against a former debtor where the discharge injunction is in place, a modification of the post-discharge injunction is not even required, where the relief sought is limited to proving liability against the former debtor as a prerequisite to recovery from the former debtor's liability insurer. *Green v. Welsh*, 956 F.2d 30, 36 (2d Cir. 1992).

6

## CONCLUSION

25.    The Movants' request for limited relief from the automatic stay in this case to permit them to establish liability against the Debtor as a predicate to recovering from the Insurers is justified by their having met the majority of the relevant factors justifying stay relief as set forth in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990).

WHEREFORE, Movants respectfully request that this Court grant the relief sought in this Motion, and modify the automatic stay imposed by 11 U.S.C. § 362 to permit Movants to proceed with the District Court Litigation to permit them to establish liability against the Debtor as a predicate to recovering from the Insurers, with damages to be limited to the coverage provided under the Debtor's applicable insurance policies.

Respectfully submitted,

Dated: January 6, 2020

_____
Mary Lannon Fangio, Esq.
Thomas L. Kennedy, Esq.
WHITELAW & FANGIO
*Attorneys for Alamelu Velappan Subramanian and Murugappan Arunachalam Annamalai*
247-259 West Fayette Street
Syracuse, New York 13202
(315) 472-7832
mary@fangiolaw.com
kennedy@fangiolaw.com